# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *Benford v. Everett Commons, LLC*, 2014 IL App (1st) 131231

</div>

| | |
|---|---|
| Appellate Court Caption | PAMELA BENFORD, Plaintiff-Appellant, v. EVERETT COMMONS, LLC, Defendant-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-1231 |
| Filed | May 2, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's order awarding defendant landlord reimbursement of its attorney fees and costs in defending plaintiff's action for damages arising from defendant's failure to maintain plaintiff's apartment in compliance with the Chicago Residential Landlord and Tenant Ordinance and the implied warranty of habitability was reversed, since defendant was not the prevailing party where judgment was entered for plaintiff, even though no damages were awarded, and no fees or costs were due under either the lease or the ordinance. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M1-17472; the Hon. Sidney A. Jones III, Judge, presiding. |

| Judgment | Reversed and remanded. |
|---|---|
| Counsel on Appeal | John O. Noland, Jr., of Chicago, for appellant. |
| | Scarpelli & Brady, LLC, of Park Ridge (Nicholas J. Scarpelli, of counsel), for appellee. |
| Panel | JUSTICE PALMER delivered the judgment of the court, with opinion. Presiding Justice Gordon and Justice McBride concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff Pamela Benford appeals from an order of the trial court awarding defendant Everett Commons, LLC, reimbursement of the attorney fees and costs it incurred in defending against plaintiff's landlord-tenant action. We reverse and remand.

¶ 2                                BACKGROUND

¶ 3    Plaintiff filed an action against defendant, her landlord, seeking damages for defendant's failure to maintain her rental apartment in compliance with the Chicago Residential Landlord and Tenant Ordinance (RLTO) (Chicago Municipal Code § 5-12-150 (amended Nov. 6, 1991)) and the implied warranty of habitability. She asserted water leaks in her rental apartment caused (a) her clothing, electronics and furniture to be ruined beyond repair and (b) mold to grow, causing her respiratory problems. She sought damages for the loss of her personal property and the cost of her medical care and expenses resulting from the mold. Defendant filed three affirmative defenses, asserting (1) plaintiff was barred from pursuing her claims because her repeated and continuous failure to provide access to her apartment for inspection and repair purposes violated the requirements of the RLTO, (2) she failed to mitigate her damages and (3) she failed to pay rent for the apartment and, therefore, any judgment for plaintiff should be offset by the amount of past-due rent.

¶ 4    A multiday jury trial commenced on plaintiff's second amended complaint. At the close of plaintiff's case, the court granted defendant's motion for a directed verdict on property damage, finding plaintiff failed to present any evidence of the fair market value of her damaged property. It denied defendant's motion to bar plaintiff from testifying regarding her personal injury and medical treatment.

¶ 5    On October 22, 2012, the jury came to its verdict. All 12 jurors executed "VERDICT FORM B," which provides as follows:

"We, the jury, find for the plaintiff and against the defendant, and further find the following:

First: Without taking into consideration the question of reduction of damages due to any affirmative defense, we find that the total amount of damages suffered by the plaintiff as a proximate result of the occurrence in question is $0, itemized as follows:

The reasonable expense of necessary medical care, treatment and services received: $0

Second: Considering the first and third affirmative defenses, we find that the reduction attributable solely to the plaintiff's conduct is $5,850.

Third: After reducing the total damages sustained by the plaintiff by the reduction attributable solely to the plaintiff's conduct, we assess the plaintiff's recoverable damages in the sum of $0."

¶ 6    The court entered judgment on the jury verdict on the same day, October 22, 2012. It entered the following order:

"The jury having returned a unanimous verdict in favor of defendant and against plaintiff Benford.

IT IS HEREBY ORDERED:

1) Judgment is hereby entered on the verdict in favor of defendant and against plaintiff.

2) Defendant's costs to be reimbursed by plaintiff."

The court denied plaintiff's motion to reconsider the directed verdict on December 26, 2013.

¶ 7    Plaintiff filed a timely notice of appeal on January 18, 2013 and an amended notice of appeal by leave of court on August 15, 2013, appeal No. 1-13-0314. She appealed the court's directed verdict, the jury verdict and the court's denial of her motion to reconsider. We resolved her appeal in *Benford v. Everett Commons, LLC*, 2014 IL App (1st) 130314 (*Benford I*), an opinion filed on the same date as the instant opinion (*Benford II*). In *Benford I*, we affirmed the court's grant of a directed verdict on property damage and affirmed the jury verdict in favor of plaintiff assessing zero damages. However, we remanded for correction of the court's order entering judgment for defendant where the jury found for plaintiff.

¶ 8    While *Benford I* was pending on appeal, the case continued below on defendant's request for reimbursement of attorney fees and costs. In the court's October 22, 2012, order entering judgment "on the jury verdict in favor of defendant," the court ordered "defendant's costs to be reimbursed by plaintiff." Defendant filed a motion for reimbursement in November 2012 seeking reimbursement of its appearance fee, trial witness subpoena fee and reasonable attorney fees pursuant to the court's order and under section 5-12-180 of the RLTO, asserting it was the prevailing party.[1]

---

[1]Section 5-12-180 of the RLTO provides:

"Except in cases of forcible entry and detainer actions, the prevailing plaintiff in any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance shall be entitled to all court costs and reasonable attorney's fees; provided, however, that nothing herein shall be deemed or interpreted as precluding the awarding of attorney's fees in forcible entry and detainer actions in accordance with applicable law or as expressly provided in this ordinance." Chicago Municipal Code § 5-12-180 (added Nov. 6, 1991).

¶ 9 Plaintiff responded that, although a provision in the parties' lease agreement provides for attorney fees to be paid to the landlord should it be required to file an action to enforce the lease due to plaintiff's breach thereof, such a provision is unenforceable pursuant to section 5-12-140(f) of the RLTO.[2] She also argued that defendant's claim for attorney fees was barred under the RLTO because defendant was seeking the fees in its forcible entry and detainer action and because defendant had not pled a remedy available under the RLTO in its affirmative defenses.

¶ 10 Defendant pointed out in its reply to the response that it was seeking reimbursement for its expenditures in plaintiff's landlord-tenant complaint, not in its own eviction action, which it had filed as a wholly separate case. It also asserted that the jury had awarded it $5,850 on its first and third affirmative defenses and those defenses had invoked remedies under the RLTO. Specifically, its first affirmative defense, regarding plaintiff's failure to provide defendant access to her apartment, quoted from the RLTO and the third affirmative defense sought past-due rent as provided in section 5-12-13(a) of the RLTO.

¶ 11 The court granted the motion for reimbursement on February 6, 2013, and ordered defendant to file an attorney fee petition. It granted the petition over plaintiff's objections on March 14, 2013, ordering plaintiff to pay defendant $24,785 for attorney fees and costs and court costs. It ordered that its October 22, 2012, order be amended to reflect the $24,785 judgment in favor of defendant and against plaintiff.

¶ 12 Plaintiff timely filed her notice of appeal from the court's order on April 9, 2013, appeal No. 1-13-1231 (*Benford II*), the case at bar.[3] Although *Benford I* and *Benford II* are related, on plaintiff's motion, we did not consolidate the cases.

¶ 13                                                        ANALYSIS

¶ 14 Plaintiff argues the court erred in granting defendant reimbursement of its attorney fees and costs for five reasons:

>     (1) The RLTO provides for attorney fees to a prevailing party, which defendant was not;
>
>     (2) The trial court usurped the jury's role;

---

[2]Section 5-12-140(f) of the RLTO provides:

> "Except as otherwise specifically provided by this chapter, no rental agreement may provide that the landlord or tenant:
>
> * * *
>
> (f) Agrees that in the event of a lawsuit arising out of the tenancy the tenant will pay the landlord's attorney's fees except as provided for by court rules, statute, or ordinance[.]
>
> * * *
>
> A provision prohibited by this section included in a rental agreement is unenforceable. The tenant may recover actual damages sustained by the tenant because of the enforcement of a prohibited provision. If the landlord attempts to enforce a provision in a rental agreement prohibited by this section the tenant may recover two months' rent." Chicago Municipal Code § 5-12-140(f) (amended Nov. 6, 1991).

[3]The record on appeal includes the four-volume record filed in *Benford I*.

(3) The RLTO voids the lease terms for attorney fees;

(4) The jury verdict must be reversed since the evidence showed that plaintiff did not restrict access to her apartment; and

(5) Attorney fees are not provided in the RLTO's landlord remedies for improper denial of access.

The construction and legal effect of the lease agreement and the provisions of the RLTO are questions of law, which we review *de novo. Plambeck v. Greystone Management & Columbia National Trust Co.*, 281 Ill. App. 3d 260, 266 (1996).

¶ 15                                           A. Prevailing Party

¶ 16    Citing to section 5-12-180 of the RLTO, plaintiff first argues that the court erred in awarding defendant attorney fees since defendant was not the prevailing party in her action and the RLTO does not allow fees to a defendant that was not the prevailing party. Section 5-12-180 of the RLTO provides as follows:

> "Except in cases of forcible entry and detainer actions, the prevailing plaintiff in any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance shall be entitled to all court costs and reasonable attorney's fees; provided, however, that nothing herein shall be deemed or interpreted as precluding the awarding of attorney's fees in forcible entry and detainer actions in accordance with applicable law or as expressly provided in this ordinance." Chicago Municipal Code § 5-12-180 (added Nov. 6, 1991).

Plaintiff is correct that defendant cannot recover costs and attorney fees under section 5-12-180 of the RLTO. Defendant was not the prevailing party below, let alone the "prevailing plaintiff" as required for recovery of costs and fees under section 5-12-180.

¶ 17    We resolved the question of whether plaintiff or defendant was the prevailing party below in *Benford I*, addressing defendant's assertion that plaintiff's argument on appeal incorrectly supposed that the jury had found in plaintiff's favor on issues of liability. We resolved the question in plaintiff's favor, finding that defendant failed to provide any evidentiary support for its assertions that (1) the jury did not intend to find for plaintiff and entered its verdict in favor of plaintiff in error and that (2) the court had a basis for entering an order contrary to the jury verdict. *Benford v. Everett Commons, LLC*, 2014 IL App (1st) 130314, ¶¶ 50-51. We held that, "[a]bsent an inquiry by the court regarding the jury verdict and an opportunity for the jury to correct the verdict, the court had no authority to enter an order contrary to the jury verdict." *Id.* ¶ 51. We found "[p]ursuant to that verdict, plaintiff was the prevailing party below" and remanded for correction of the court's order to reflect the jury verdict in favor of plaintiff. *Id.*

¶ 18    Further, as plaintiff points out, defendant did not file a counterclaim in plaintiff's action. Instead, defendant filed three affirmative defenses in the action, asserting (1) plaintiff was barred from pursuing her claims because her repeated and continuous failure to provide access to her apartment violated the requirements of the RLTO, (2) she failed to mitigate her damages, and (3) she failed to pay rent for the apartment and, therefore, any judgment for plaintiff should be offset by the amount of past-due rent. Given that the jury verdict stated, "[c]onsidering the first and third affirmative defenses, we find that the reduction attributable solely to the plaintiff's conduct is $5,850," the jury arguably found in favor of defendant on these two

affirmative defenses in that it awarded a reduction/setoff from any damages awarded to plaintiff.

¶ 19 However, an affirmative defense is "a very different procedural device" than a counterclaim.[4] *Nadhir v. Salomon*, 2011 IL App (1st) 110851, ¶ 37.

> " '[T]he difference between a counterclaim and an affirmative defense is that a counterclaim seeks affirmative relief whereas an affirmative defense merely attempts to defeat a plaintiff's cause of action. [Citation.] Presently, the procedural concept of setoff is subsumed under the term "counterclaim" even where no affirmative relief is sought. [Citations.] Setoff most commonly appears as a counterclaim filed by a defendant, based upon a transaction extrinsic to that which is the basis of the plaintiff's cause of action. [Citations.]' " *Id.* (quoting *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 461-62 (1995)).

While "an affirmative defense is designed to defeat a defendant's *liability* to a plaintiff, *** a setoff is a type of counterclaim that is designed to mitigate the *damages* that a liable defendant owes to a plaintiff." (Emphases in original.) *Id.*

¶ 20 Further, "[a] set-off or recoupment by way of counterclaim is an action in the nature of which the defendant is the plaintiff and he must establish his rights as upon a distinct action." *Edward Edinger Co. v. Willis*, 260 Ill. App. 106, 125 (1931). Because defendant did not file a counterclaim, he was not a counterclaim plaintiff in plaintiff's action. He could, therefore, never be "the prevailing plaintiff in any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance," as required for recovery of fees and costs under section 5-12-180.

¶ 21 We note that, although defendant filed a forcible entry and detainer action, it filed its complaint as an entirely separate action. The forcible entry and detainer action is, therefore, irrelevant to the question of whether defendant is entitled to attorney fees and costs under section 5-12-180 in plaintiff's action.

¶ 22 Plaintiff is correct that there is no basis for awarding defendant attorney fees and court costs under section 5-12-180 of the RLTO.

¶ 23                                B. Lease Provisions

¶ 24 Plaintiff argues that the court abused its discretion in awarding defendant attorney fees since the lease term allowing defendant to obtain attorney's fees is void under section 5-12-140(f) of the RLTO. Section 5-12-140(f) of the RLTO provides in relevant part, "Except as otherwise specifically provided by this chapter, no rental agreement may provide that the landlord or tenant: *** (f) Agrees that in the event of a lawsuit arising out of the tenancy the tenant will pay the landlord's attorney's fees except as provided for by court rules, statute, or ordinance." Chicago Municipal Code § 5-12-140(f) (amended Nov. 6, 1991). "A provision prohibited by this section included in a rental agreement is unenforceable." Chicago Municipal Code § 5-12-140 (amended Nov. 6, 1991).

---

[4]Affirmative defenses are controlled by section 2-613 of the Code of Civil Procedure (735 ILCS 5/2-613 (West 2012)). Counterclaims are controlled by section 2-608 of the Code (735 ILCS 5/2-608 (West 2012)).

¶ 25 Paragraph 18 of the lease provides as follows:

"If Lessor commences legal proceedings to enforce the covenants of this lease due to Lessee's breach thereof, Lessee shall pay Lessor's reasonable attorney's fees incurred to enforce Lessee's compliance with the terms of this Lease."

¶ 26 We need not address whether paragraph 18 of the lease term is void under section 5-12-140(f) because this lease provision does not apply here. As noted above in section A, defendant, the lessor here, did not file an action in plaintiff's case that would make it a plaintiff, whether through counterclaim or crossclaim. It did not "commence[ ] legal proceedings to enforce the covenants of this lease due to Lessee's breach thereof," in this case. Therefore, in the case at bar, defendant cannot recover attorney fees under paragraph 18 of the lease. Granted, defendant did file an eviction action against plaintiff but, as stated previously, the eviction case was filed as an action entirely separate from the case under review here. Accordingly, there is no basis to award defendant reasonable attorney fees under the lease provision.

¶ 27 C. Attorney fees under RLTO

¶ 28 Citing section 5-12-060, plaintiff lastly argues that attorney's fees are not provided in the RLTO's landlord remedies for improper denial of access and defendant's failure to request an RLTO remedy in its affirmative defenses voids its fees here. Section 5-12-060 provides:

"If the tenant refuses to allow lawful access, the landlord may obtain injunctive relief to compel access or terminate the rental agreement pursuant to Section 5-12-130(b) of this chapter. In either case, the landlord may recover damages." Chicago Municipal Code § 5-12-060 (amended Nov. 6, 1991).

Again, as noted previously, defendant did not file an action in this case to obtain relief of any kind. It certainly did not file an action for "injunctive relief to compel access" or for damages. Defendant's first affirmative defense did concern plaintiff's failure to allow defendant access to her apartment but only in the context of seeking to bar plaintiff from pursuing her claims because her repeated and continuous failure to provide access to her apartment for inspection and repair purposes violated the requirements of the RLTO. At no point did defendant seek an injunction or damages relating to such denial of access. Section 5-12-060 is inapplicable here.

¶ 29 D. Trial Court Usurpation of Jury's Role

¶ 30 Plaintiff argues that the court usurped the jury's fact finding role by not presenting the fact issues in defendant's attorney fees petition to the jury. In light of today's opinion, this issue is moot and we will not consider it.

¶ 31 E. Jury Verdict

¶ 32 Plaintiff also argues that the jury verdict must be reversed since the evidence showed that plaintiff did not restrict access to landlord. First, putting aside the fact that plaintiff should have raised this argument in *Benford I*, she did not raise it in her posttrial motion and it is, therefore, forfeited. *Bakes v. St. Alexius Medical Center*, 2011 IL App (1st) 101646, ¶ 34. Second, even were we to consider plaintiff's argument, the record is insufficient for our review of the matter. Our resolution of the argument rests on a review of the evidence presented at trial. The record on appeal does not contain a transcript or a bystander's report of the multiday jury trial, only

transcripts of plaintiff's direct and cross-examinations. Therefore, we do not know what evidence the jury heard and have no basis for determining whether the jury's findings were against the manifest weight of the evidence. It is plaintiff's burden as the appellant to present this court with a sufficiently complete record on appeal to support her claims of error and any doubts arising from presentation of the record will be resolved against her. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Accordingly, we presume the jury's verdict was not against the manifest weight of the evidence. Lastly, in that we found in *Benford I* that the jury's verdict for plaintiff must be honored, albeit without damages, the affirmative defense seeking to bar plaintiff's claims because she restricted access to defendant landlord was not successful and is, therefore, moot.

¶ 33                                                CONCLUSION

¶ 34        For the reasons stated above, we reverse the decision of the trial court ordering plaintiff to reimburse defendant for its court costs and attorney fees and costs to defendant. Defendant was not the prevailing plaintiff below and, therefore, is not due attorney fees and/or costs under either the lease or the RLTO. The case is remanded for correction of the court's order to reflect that plaintiff does not owe defendant reimbursement for attorney fees and costs or court costs.

¶ 35        Reversed and remanded.