2021 IL App (1st) 191641-U
No. 1-19-1641
Order filed May 17, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KECIA PORTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M1 130599 |
| | ) | |
| TAWANDA BOWMAN, | ) | Honorable |
| | ) | H. Yvonne Coleman |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Walker and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the trial court, where plaintiff failed to provide a sufficiently complete record on appeal.

¶ 2    After a bench trial in this landlord-tenant suit, the trial court entered judgment in favor of defendant Tawanda Bowman and against plaintiff Kecia Porter, who previously rented a residential apartment from Bowman. Porter seeks reversal of the trial court's findings that Bowman was not liable to Porter for alleged violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO). Due to the inadequate record on appeal, we must affirm.

¶ 3                                  Background

¶ 4      The record on appeal does not contain a report of proceedings. The facts gleaned from the common law record indicate that in September 2018, Porter, who represented herself, filed a complaint against Bowman, seeking $4,544 in damages due to Bowman's alleged violations of the RLTO. Porter alleged that in November 2017, she entered into a one-year lease agreement to rent an apartment from Bowman, who "breached the agreement less than 4 months later" when she told Porter that she "could not afford to make necessary repairs." Porter alleged that Bowman failed to maintain and make necessary repairs under section 5-12-070 of the RLTO. Chicago Municipal Code § 5-12-070 (amended Nov. 6, 1991) ("The landlord shall maintain the premises in compliance with all applicable provisions of the municipal code and shall promptly make any and all repairs necessary to fulfill this obligation.").

¶ 5      Porter also alleged (i) Bowman "would not clean up [the] property," (ii) there was a "city fine for excess garbage," and (iii) Bowman refused to replace or repair a vandalized mailbox. Porter further alleged Bowman "terminated [her] tenancy" in violation of section 5-12-150 of the RLTO. Chicago Municipal Code, § 5-12-150 (amended Nov. 6, 1991) (prohibiting landlord from engaging in retaliatory conduct for, among other conduct, requesting required repairs or complaining of code violations to government authorities).

¶ 6      A default judgment was entered against Bowman on November 9, 2018. The trial court granted Bowman's motion to vacate the default judgment on December 4, 2018.

¶ 7      The case was set for trial on April 30, 2019. Although the record on appeal does not contain a transcript or report of proceedings, on July 18, 2019, the trial court entered a judgment reflecting that it held a bench trial at which Porter and Bowman testified. According to the judgment, Porter

testified that she alerted Bowman to several major repair issues. Bowman testified that she promptly arranged for a maintenance worker to make the repairs.

¶ 8    In its judgment, the court declined to find Bowman retaliated against Porter in violation of section 5-12-150 of the RLTO. The court found: "[a]lthough the lease was for a term of one year, the parties agreed to terminate the lease in February 2018" after Bowman informed Porter that she would be unable to complete all of the requested repairs; that Porter "was released from her obligations under the lease agreement"; and that Porter eventually moved out of the apartment in July 2018. The court concluded that Bowman's "desire to terminate the lease was not retaliatory."

¶ 9    In addition, the court found in favor of Bowman with respect to Porter's claim that Bowman failed to maintain the premises in violation of section 5-12-070 of the RLTO:

> "The court finds that there were certain repairs that were not in compliance with the code, however, [Bowman] promptly made those repairs. Section 5-12-110 provides that if there is material noncompliance by the landlord which renders the premises not reasonably fit and habitable, the tenant has the right to terminate the lease upon proving proper notice. Here, the parties mutually agreed to terminate the lease. The court further finds that [Bowman] was not in material noncompliance with Section 5-12-070 as defined in Section 5-12-110. [Porter] vacated the premises and she is not entitled to any damages."

Accordingly, the trial court entered judgment in favor of Bowman.

¶ 10    On July 22, 2019, Porter filed a motion to reconsider, in which she asserted, among other matters, that the court erred in finding that the parties mutually agreed to terminate the lease, and that the evidence showed that Bowman retaliated against Porter after she complained to the Chicago Housing Authority (CHA) about conditions at the apartment. The record on appeal

reflects that the court heard argument on the motion, but the record on appeal contains no transcript of proceedings.

¶ 11     While the motion to reconsider was pending, Porter filed a notice of appeal from the July 18, 2019 judgment. The trial court denied the motion to reconsider on September 12, 2019, and the notice of appeal became effective on that date. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) (when timely postjudgment motion has been filed, "a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion * * * becomes effective when the order disposing of said motion or claim is entered.").

¶ 12                                       Analysis

¶ 13     On appeal, Porter seeks reversal of the judgment. Porter argues that the trial court erred with respect to both her claim of retaliatory conduct as well as her claim that Bowman failed to maintain the premises.

¶ 14     Regarding the retaliation claim, Porter asserts the "undisputed evidence from State agencies" including the CHA, confirms that Bowman "ordered her to move" after Porter engaged in protected activity. Porter also asserts that Bowman testified in court that she was "sick of [Porter] calling the housing authority on me," which established a violation of section 5-12-150. To the extent that the trial court found the parties mutually agreed to terminate the lease, Porter claims the finding is clearly erroneous, arbitrary, and "not supported by any evidence on record or testimony."

¶ 15      Regarding the section 5-12-070 claim, Porter contends that the trial court "abused its discretion" in finding that Bowman made timely repairs. Porter contends that she presented "undisputable" proof in the form of "testimony, witness corroboration, pictures[,] text messages and a corporate letter from Com Ed to support [Bowman's] failure to maintain the unit in violation

of 5-12-070," but the court "ignored" that evidence. Porter requests that we reverse the trial court's judgment and direct the circuit court to enter a judgment in her favor in the amount of $4,544.

¶ 16    Bowman did not file an appellee's brief. As a result, on March 1, 2021, this court ordered this appeal taken just on Porter's brief and the record on appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 17    In Illinois, it is well established that "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Doubts that arise from the incompleteness of the record must be resolved against the appellant. *Id.*

¶ 18    The record does not contain a report of the trial court proceedings, specifically, the April 30, 2019, trial at which Porter and Bowman testified. Under Supreme Court Rule 323 (eff. July 1, 2017), in lieu of a trial court transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)). Porter has filed neither. As mentioned, the record before us consists solely of common law documents.

¶ 19    The lack of an adequate record on appeal precludes us from ascertaining what evidence, testimony, or arguments were presented to the trial court. "An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceedings." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Under these circumstances, this court must presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Id.* at 156-57 ("Without an adequate record * * *, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." (citing *Webster v. Hartman*, 195 Ill. 2d 426,

433-34 (2001); *Foutch*, 99 Ill. 2d at 391-92.)). " 'Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.' " *Corral*, 217 Ill. 2d at 157 (quoting *Foutch*, 99 Ill. 2d at 392).

¶ 20    Applying these principles in landlord-tenant disputes, this court has held that we cannot determine whether posttrial findings are against the manifest weight of the evidence without a sufficient record of the proceedings. See, e.g., *Salier v. Delta Real Estate Investments, LLC*, 2020 IL App (1st) 181512, ¶ 48 (where record on appeal did not include landlord's testimony at bench trial, "we cannot find that the court's decision to deny an award under section 60 [Chicago Municipal Code § 5-12-060] was against the manifest weight of the evidence"); *Benford v. Everett Commons, LLC*, 2014 IL App (1st) 131231, ¶ 32 (without transcript or report of proceedings, we "have no basis for determining whether the jury's findings were against the manifest weight of the evidence" and we "presume the jury's verdict was not against the manifest weight of the evidence."). These principles dispose of this appeal.

¶ 21    As appellant, Porter had the burden to present this court with a sufficient record to support her claims of error, and this requirement applies to self-represented litigants like Porter. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7 ("An appellant's *pro se* status does not alleviate the duty to comply with our supreme court's rules governing appellate procedure. [Citations.]").

¶ 22    Porter's appeal boils down to claims that the trial court's findings were contrary to the evidence regarding (i) whether Bowman acted in retaliation pursuant to section 5-12-150 and (ii) whether Bowman failed to maintain the premises in compliance with section 5-12-070. But, she has not provided this court with a transcript or report of proceedings from which we can review the testimony and other evidence before the trial court. In turn, we cannot evaluate Porter's

assertions that the trial court's findings were not supported by the evidence. Accordingly, we must presume that the trial court's judgment conformed with the law and had a sufficient factual basis. *Webster*, 195 Ill. 2d at 432. Thus, we are compelled to affirm the trial court.

¶ 23     Affirmed.