2020 IL App (1st) 191454-U
No. 1-19-1454
Order filed May 11, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

## IN THE

## APPELLATE COURT OF ILLINOIS

## FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE HABITAT COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M 1718548 |
| | ) | |
| ROSELIA ELLIS, | ) | Honorable |
| | ) | Preston Jones Jr. |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice Griffin and Justice Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's judgment where defendant failed to supply a sufficient record from which to review her claims.

¶ 2    After a jury trial, defendant Roselia Ellis was ordered to vacate her apartment and pay rent and costs to The Habitat Company. She represents herself on this appeal. We must affirm. The record on appeal lacks a report of proceedings, and without it or an acceptable substitute, we cannot determine what issues actually arose during trial, how the trial court ruled on questions of

law, what evidence was admitted or excluded, and whether the jury's verdict was against the manifest weight of the evidence.

¶ 3                                    Background

¶ 4       The facts are gleaned from the common law record. It includes the trial court's half sheets, an affidavit of service, the parties' pleadings and motions, and the judgment order.

¶ 5       The Habitat Company filed a complaint seeking possession of Ellis's apartment. The affidavit from the Sheriff's Office of Cook County states that Ellis was personally served. Counsel appeared for her.

¶ 6       Habitat filed a motion for summary judgment stating that "[f]or the purposes of this Motion, [it] is only seeking possession of the premises." A "certification" of its property manager averred that Ellis retained possession of the apartment and currently owed more than $551.76 in unpaid rent.

¶ 7       The trial court granted Ellis's counsel's motion for leave to withdraw. Through new counsel, she filed an answer, affirmative defense, and counterclaim. Ellis denied the complaint's allegations, claimed Habitat increased rent in violation of federal regulations, and alleged in a counterclaim that the lawsuit was an act of retaliation. Ellis attached a letter to Habitat dated April 26, 2018, sent by a different attorney on her behalf, which complained her right to "quiet enjoyment" violated by "physical violence" and "harassment" from another tenant. Habitat moved to dismiss Ellis's counterclaim.

¶ 8       Ellis responded to Habitat's motion for summary judgment, arguing that questions of fact existed as to whether Habitat unlawfully increased her rent and rejected her attempts to pay. She

also attached a letter from Habitat, stating her rent was increased to $130, and a later letter, stating her rent was increased to $137.

¶ 9 Habitat's reply argued that Ellis's response: (i) lacked "sworn testimony, evidentiary facts, or sworn documents," and (ii) relied on a misunderstanding of applicable federal laws. The trial court denied Habitat's motion for summary judgment and granted its motion to strike and dismiss the counterclaim.

¶ 10 The case proceeded to trial. The half-sheet entry states the jury returned a verdict for Habitat. The trial court entered an order that Ellis must vacate the apartment and pay Habitat the amount of $520 in rent and $388.25 in costs.

¶ 11 Ellis then filed a *pro se* motion asking the trial court to overturn the "order to evict." She argued that (i) she paid her rent timely, (ii) Habitat did not explain the rent increases, (iii) the trial court denied Habitat's motion for summary judgment, and (iv) the suit was "frivolous" because she was "senior, elderly, and disabled." Ellis also moved to extend the time to vacate the apartment. The trial court entered an order staying eviction, but denied the motion to overturn the verdict.

¶ 12                                    Appeal

¶ 13 This *pro se* appeal followed. We entered an order taking the case on Ellis's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Ellis contends that (i) she was not properly served, (ii) the trial court "failed to review the complaint," (iii) the complaint did not request possession, (iv) the trial court did not enter an order granting possession, (v) the trial court "failed to properly instruct [the] jury that no decision was to be made on the issue of possession," (vi) the jury decided the case based on "matters

outside the realm" of the "trial courts" and the "complaint," (vii) the trial court "failed to present [the] jury" with the facts, and (viii) the verdict "was based on incomplete evidence." Ellis attached three exhibits to her brief: "A," images of her $114 rent checks from November and December 2018; "B," a portion of the Chicago Municipal Code; and "C," a letter from Habitat dated May 1, 2018.

¶ 14                                    Analysis

¶ 15    Ellis's brief fails to comply with Illinois Supreme Court Rule 341. Under Rule 341, an appellant must provide a statement of facts with "appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Additionally, the brief's argument section must contain "citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Here, the statement of facts does not contain citations to the record and the argument section does not cite legal authority. And Exhibits B and C were not contained in the record on appeal and nothing indicates they were presented at trial. We cannot consider documents for the first time on appeal. See *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009) ("A party may generally not rely on matters outside the record to support its position on appeal.").

¶ 16    Illinois law requires all briefs, including those filed by a self-represented party, comply with Rule 341. See *Holzrichter v. Yorath*, 2013 Il App (1st) 110287, ¶ 78. Ellis's brief is subject to dismissal due to these failures. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). But, because the issues are simple and Ellis attempted to use the proper forms, we decline to dismiss her appeal on this basis.

¶ 17    Notwithstanding, Ellis's claims must be denied. Ellis did not provide a sufficient record on appeal, and every appellant must supply a complete record so that the reviewing court can evaluate the arguments. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a complete record, the law mandates that the reviewing court assume the evidentiary rulings and findings of fact in the trial court accorded with the law and were based on sufficient facts. *Id.*; *Benford v. Everett Commons*, 2014 IL App (1st) 131231, ¶ 32 (applying *Foutch* to appeal from jury trial).

¶ 18    Without a report of proceedings or acceptable substitute, such as a bystander's report or agreed statement of facts, we cannot evaluate Ellis's claims on appeal. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). More specifically, we cannot determine what issues actually arose during trial, how the trial court ruled on questions of law, what evidence was admitted or excluded, and whether the jury's verdict was against the manifest weight of the evidence. See *Benford*, 2014 IL App (1st) 131231, ¶ 32. Accordingly, we must presume that the decisions of the trial court and jury conformed with the law, and no basis exists for disturbing the verdict. *Foutch*, 99 Ill. 2d at 391-92.

¶ 19    Affirmed.