# Illinois Official Reports

## Appellate Court

---

### *Ellis v. Flannery*, 2021 IL App (1st) 201096

---

| | |
|---|---|
| Appellate Court Caption | ROSELLA ELLIS, Plaintiff-Appellant, v. JAMES P. FLANNERY JR., Defendant-Appellee. |
| District & No. | First District, First Division<br>No. 1-20-1096 |
| Filed | June 1, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2020-M1-106168; the Hon. James T. Derico Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Rosella Ellis, of Chicago, appellant *pro se*.<br><br>Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Evan Siegel, Assistant Attorney General, of counsel), for appellee. |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Hyman and Coghlan concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff, Rosella Ellis, representing herself, appeals from the circuit court's dismissal of her complaint against defendant, James P. Flannery Jr., a Cook County circuit court judge. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3 Plaintiff filed a *pro se* complaint alleging that defendant was "shown to be derelict in his duties" by failing to grant her a fee waiver pursuant to Illinois Supreme Court Rule 298 (eff. July 1, 2019) and section 5-105 of the Code of Civil Procedure (Code) (735 ILCS 5/5-105 (West 2018)) and dismissing her complaint in a separate action. Plaintiff alleged that, in the separate action, she was entitled to a fee waiver because she answered "yes" in section 3 of the "Application for Waiver of Court Fees" form.[1] She alleged that "defendant brings bias, prejudice, and rushes to judgement [*sic*] in this matter," and "defendants'[*sic*] rulings are *final*." (Emphasis in original.)[2]

¶ 4 Exhibit "A" to her complaint was only the first page of our supreme court's three-page approved fee waiver form in an action captioned "Rosella Ellis et., al v. City of Chicago, et., al." The document does not reflect a case number.[3] Plaintiff checked the box in Section 3 of the fee waiver application, indicating that she received one or more of the benefits listed in that section. Exhibit B1 was only the second page of our supreme court's two-page approved "Order for Waiver of Court Fees,"[4] with a handwritten notation on the top of the page "City of Chicago," but again, no case number appears on the document. Exhibit B1 reflects that Judge Flannery found that plaintiff did not qualify for a fee waiver because her complaint "fails to state a claim for which relief may be granted," denied plaintiff a fee waiver, and ordered that "this case is hereby dismissed and all future dates are stricken." Exhibit "B2" was the second page of our supreme court's two-page approved fee waiver order form with a handwritten notation on the top of the page "State of Illinois."[5] Again, no case number appears on exhibit B2. Exhibit B2 reflects that Judge Flannery found that plaintiff did not qualify for a fee waiver because her complaint "fails to state a claim for which relief can be granted," denied

---

[1]See Illinois Supreme Court, Application for Waiver of Court Fees (July 2019), https://courts. illinois.gov/Forms/approved/procedures/FeeWaiver_Civil_Application.pdf [https://perma.cc/P2FX-YWUB].

[2]Plaintiff's complaint also states: "Plaintiff requests to appeal this matter to the Appellate Court." To the extent that plaintiff was attempting to appeal any ruling in any previous case, the statement in her complaint was ineffective to initiate an appeal. An appeal from a judgment is initiated by filing a notice of appeal in the same proceeding in which the judgment was entered in the form prescribed by rule. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); 303(a), (b) (eff. July 1, 2017).

[3]According to a search of the circuit court of Cook County's electronic docket, plaintiff filed an action against the City of Chicago in case No. 20-L-2010 on February 19, 2020.

[4]See Illinois Supreme Court, Application for Waiver of Court Fees (July 2019), https://courts. illinois.gov/Forms/approved/procedures/FeeWaiver_Civil_Order.pdf [https://perma.cc/P2FX-YWUB].

[5]According to a search of the circuit court of Cook County's electronic docket, plaintiff filed an action against the State of Illinois in case No. 20-L-2011, also on February 19, 2020.

plaintiff a fee waiver, and ordered that "this case is hereby dismissed and any future date is stricken."

¶ 5 Plaintiff thereafter filed this complaint and the attached exhibits and applied for and received a fee waiver. The record reflects that defendant was served on March 12, 2020. Defendant did not file an appearance or otherwise plead. On April 3, 2020, plaintiff filed an "emergency" motion seeking a default because "defendant has not filed an answer in this action or otherwise plead [*sic*] or appeared in the time required by law." The matter was continued several times for status. On August 31, 2020, circuit court judge James T. Derico Jr. entered the following order: "Case dismissed w/prejudice per *Grund v. Donegan*[, 298 Ill. App. 3d 1034 (1998)]." Plaintiff filed her notice of appeal on October 13, 2020, which was timely under our supreme court's order in *In re Illinois Courts Response to COVID-19 Emergency*, Ill. S. Ct., M.R. 30370 (eff. Mar. 24, 2020) (extending deadline for filing a notice of appeal from a circuit court's judgment from 30 days to 60 days).

¶ 6                                                    II. ANALYSIS

¶ 7 On appeal, plaintiff's main contention is that defendant is not entitled to judicial immunity. She argues that the circuit court ignored her motion for default judgment and erroneously dismissed her complaint based on judicial immunity, even though "defendant is clearly not protected under this doctrine." She further argues that the circuit court's dismissal "failed to allow plaintiff her rights and remedies to a fair trial."

¶ 8 Plaintiff's *pro se* appellate brief does not conform to Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020).[6] Her statement of jurisdiction does not identify the rule that confers jurisdiction on this court, in violation of Rule 341(h)(4). Her statement of facts does not attempt to set forth the proceedings below and lacks citations to the record, in violation of Rule 341(h)(6). And the argument section of her brief is conclusory and lacks appropriate citations to the record on appeal or to any relevant authority, in violation of Rule 341(h)(7). Plaintiff's *pro se* status does not relieve her of the obligation to comply with our supreme court's rules governing appellate briefs. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶ 26. We would be within our authority to strike plaintiff's appellate brief or dismiss her appeal for her failure to comply with Rule 341. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. We decline to do either because the record is simple, defendant has filed an appellate brief that sufficiently informs us of the issue, and the issue is straightforward.[7]

¶ 9 The circuit court dismissed plaintiff's complaint based on judicial immunity, which can be understood as a dismissal pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)). *Moncelle v. McDade*, 2017 IL App (3d) 160579, ¶ 17. Our review is *de novo*. *Id.*

¶ 10 The nature of plaintiff's legal claim against defendant is not specifically alleged in her complaint. Plaintiff checked the box for "breach of contract" on the civil action cover sheet filed with her complaint, and the summons indicates the "amount claimed" was $30,000. Her complaint, however, does not identify, plead, or attach any contract between her and defendant. We surmise that she is complaining about defendant's ruling that she was not entitled to a fee

---

[6]We made a similar finding in another appeal involving plaintiff. See *The Habitat Co. v. Ellis*, 2020 IL App (1st) 191454-U, ¶ 15.

[7]Plaintiff has not filed a reply brief in this court.

waiver in her lawsuits against the city and state, she is contesting the summary dismissal of claims against the city and state, and she wants to extract a money judgment from defendant personally. We find, based on fair reading of the allegations in plaintiff's complaint, that defendant is entitled to judicial immunity because the decisions to deny the fee waiver and to dismiss plaintiff's complaints against the city and State were unquestionably decisions made by a judicial officer in the course of his judicial duties.

¶ 11        "The common-law doctrine of judicial immunity was first laid down centuries ago as a means of protecting the independence of the judiciary and discouraging inappropriate collateral attacks on judgments." *Id.* ¶ 18 (citing *Forrester v. White*, 484 U.S. 219, 225 (1988)). The *Moncelle* court further noted:

> " 'As early as 1872, the [United States Supreme] Court recognized that it was "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." ' " *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 355 (1978), quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).

"A judge is *absolutely* immune from liability for acts committed while exercising the authority vested in him. This doctrine of judicial immunity is subject to only two exceptions: namely, actions not taken in the judge's judicial capacity and actions taken in the complete absence of all jurisdiction." (Emphasis in original.) *Grund v. Donegan*, 298 Ill. App. 3d at 1034, 1039 (1998) (citing *Generes v. Foreman*, 277 Ill. App. 3d 353, 355 (1995)).

¶ 12        Here, the orders defendant entered were clearly judicial acts, and neither of the two exceptions to judicial immunity are present. The circuit court undoubtably has jurisdiction to rule on a fee waiver application and has the discretion to grant or deny the request. *Walsh v. Will County Adult Detention Facility*, 2015 IL App (3d) 140246, ¶ 8. The circuit court also possesses the authority under section 2-619 to dismiss a complaint because of judicial immunity. *Moncelle*, 2017 IL App (3d) 160579, ¶ 17. Nothing in the record before us suggests that defendant acted outside of his judicial capacity when he denied plaintiff's fee waiver requests, and nothing in the record suggests that defendant acted without jurisdiction when he denied the fee waiver applications and dismissed plaintiff's complaints. If plaintiff was dissatisfied with defendant's rulings, her recourse was to appeal those rulings and argue for a reversal of the fee waiver denials and dismissal of her complaints.[8] Filing a separate lawsuit against the judicial officer who entered those adverse rulings is not a substitute for an appeal of those rulings, and the instant lawsuit against the judicial officer who made those rulings is barred under the doctrine of judicial immunity. Regardless of whether defendant's actions were correct—an issue that is not before us in this appeal—defendant is entitled to judicial immunity from any liability for any claim alleged or contemplated in plaintiff's complaint.

---

[8]The circuit court's electronic docket does not reflect any notice of appeal filed in Cook County circuit court case Nos. 20-L-2010 or 20-L-2011.

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.