2023 IL App (1st) 220926-U

No. 1-22-0926

Order filed August 31, 2023

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ABDUL MOHAMMED, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 3603 |
| | ) | |
| DAN BRIDGES, ET AL., | ) | Honorable |
| | ) | James O'Hara, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellant's brief is stricken because it fails to comply with Supreme Court Rule 341 on numerous fronts and presents an appeal that is frivolous, and plaintiff's appeal is dismissed.

¶ 2   *Pro se* plaintiff Abdul Mohammed appeals the final judgment of the Circuit Court of Cook County, which dismissed his complaint against defendants with prejudice on the basis that his claims were barred by the doctrine of *res judicata*. Rather than decide the instant appeal on the

merits, we have instead opted to use our inherent authority to strike the plaintiff's brief and dismiss his appeal.

¶ 3    For the reasons that follow, the appellant's brief is stricken and plaintiff's appeal is dismissed.[1]

¶ 4                                I. BACKGROUND

¶ 5    The saga of what has become plaintiff's propensity to file frivolous *pro se* complaints against the defendants began in 2018, when he filed suit in DuPage County, Illinois ("*Mohammed I*"). That ten-count complaint named Erin Anderson and Susan Vivian as defendants individually and as employees of the Naperville School District 203. Though we need not recite the entirety of the complaint, some of its contents provide valuable context for this appeal.

¶ 6    Among other things, plaintiff alleged that Anderson and Vivian defamed plaintiff by telling his children that he had raped and physically abused their mother, had their mother arrested, and threatened school staff, or that Anderson and Vivian interfered with plaintiff's parent/child relationship and violated his federal right to "companionship and society" with his children. Plaintiff also claimed that Anderson and Vivian's behavior constituted a hate crime against plaintiff as defined by the Criminal Code of 2012.

¶ 7    That action was subsequently removed to the United States District Court for the Northern District of Illinois, where Anderson and Vivian moved for sanctions. The district court dismissed plaintiff's complaint in a written order on August 21, 2019, which detailed at length plaintiff's egregious, unprofessional, and harassing behavior. For example, on March 25, 2019, plaintiff

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

responded to an email from defense counsel asking that he not yell at the law firm's staff by writing, "Do whatever you like. This f**kin [*sic*] email is equivalent to the dirt of my shoes. I will also present a Motion for Sanctions against both of you. Just think that the process to get your ass sued has just started. I am taking this email as a threat."

¶ 8     On April 15, 2019, plaintiff sent defense counsel an email titled, "Cry Babies," with a picture of a crying baby and a string of crying baby emojis. On June 6, 2019, plaintiff sent defense counsel an email calling them ill-mannered and undisciplined, and further presumed that defense counsel was of Iranian descent, saying, "The Iranis I know are very good people with great manners but I don't know what kind of an Irani you are, you are bringing disgrace to your community. Shameless Creatures and an utter disgrace to the whole human race itself. Have a Good Night [*sic*]."

¶ 9     On June 9, 2019, plaintiff referred to defense counsel in an email as "Shameless Creatures. Scumbags. Scourge of the Society [*sic*]. A bane to our society." On July 10, 2019, plaintiff referred to defense counsel as a "sissy" and a "milksop," which the district court noted is defined as, "an unmanly man." On still another occasion, plaintiff described defense counsel in an email as "Hiding behind females. Wimp." On July 11, 2019, plaintiff called defense counsel fifteen times in eleven minutes. The district court's description of plaintiff's behavior went on, and we need not recite it all here. But suffice it to say, the district court dismissed plaintiff's complaint with prejudice, citing its inherent authority to sanction misconduct.

¶ 10    Not to be deterred, plaintiff appealed to the United States Court of Appeals for the Seventh Circuit (Seventh Circuit), which affirmed the district court's order on November 5, 2020. The Seventh Circuit warned plaintiff that "continued frivolous filings may result in the imposition of a

sanction, including loss of the privilege of filing in forma pauperis, or a monetary fine, which, if unpaid, may lead to a filing bar." Plaintiff subsequently petitioned for a writ of certiorari from the United States Supreme Court, which was denied on January 19, 2021.

¶ 11    In the meantime, on September 9, 2019, plaintiff filed a second complaint (*Mohammed II*), this time in Kane County, Illinois. The list of named defendants expanded to include fourteen individuals, the Naperville School District, and a law firm.

¶ 12    *Mohammed II* contained allegations similar to *Mohammed I*, along with allegations that the defendants had violated plaintiff's Equal Protection and Due Process rights, were engaged in a civil conspiracy against plaintiff, had violated the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 (ADA), and were retaliating against him for prior litigation. One of plaintiff's retaliation claims stated that the defendants and their attorneys were prohibiting plaintiff from dropping off lunch for his son at school.

¶ 13    *Mohammed II* was removed to the United States District Court for the Northern District. The district court subsequently issued an order on February 8, 2021, which granted the defendants' motion to dismiss on almost every count, either because the claims were precluded by *res judicata*, or because plaintiff failed to state a legitimate cause of action. Only one count survived: plaintiff's claim that one defendant defamed plaintiff and intentionally inflicted emotional distress by telling his children that he was a child molester. The district court admitted that plaintiff stated a valid claim when assuming the truth of the complaint. Two days after the district court issued its order, plaintiff emailed the district court's deputy the following:

    "Ms. Deanes, I have the following question for Judge Feinerman: How come it is OK to only ban me from dropping Lunch for my son whereas other parents can drop Lunch for

their children? Please answer the above question via email either to me or to my attorney, Marco Rodriguez. Sincerely, Abdul Mohammed."

¶ 14    On April 5, 2021, the district court dismissed *Mohammed II* in its entirety with prejudice. It found that plaintiff's email to the courtroom deputy was not a sincere request, but rather a sarcastic rhetorical question attacking the court's integrity, given that the previous February 8, 2021, order containing the court's reasoning was available to plaintiff. In its order, the district court summarized plaintiff's "years-long campaign to enlist the courts in his efforts to harass his ex-wife and others associated with her," noting that since 2016, when his wife had filed for divorce and moved to a domestic abuse shelter, he had filed at least twenty lawsuits against her and others.

¶ 15    While *Mohammed II* was pending, on April 16, 2020, plaintiff filed a complaint (*Mohammed IIIa*) in the United States District Court for the Northern District of Illinois, which named as defendants many of the parties from *Mohammed I* and *II*, as well as numerous others that are not parties in the case at bar. He amended that complaint multiple times, culminating in a 558-page amended complaint that was filed on May 17, 2020.

¶ 16    Three weeks later on June 10, 2020, plaintiff filed an identical 558-page complaint (*Mohammed IIIb*), save for the spacing of the caption, various edits, and the date on the last page, in the United States District Court for the Central District of Illinois. It was transferred back to the Northern District. The same day, the district court dismissed *Mohammed IIIa* with prejudice for "an egregious violation of [Federal] Rule 8(a)." Plaintiff appealed that dismissal to the Seventh Circuit.

¶ 17    While that appeal was pending, the district court dismissed *Mohammed IIIb* with prejudice on January 27, 2021. The defendants requested an order barring plaintiff from further filing, but

the district court found that request to be moot. It noted that the Circuit Court of DuPage County, Illinois, had indefinitely enjoined plaintiff from filing any further actions against several specific parties, and that the Appellate Court of Illinois upheld that order. *See Mohammed v. ICNA Relief USA*, 2020 IL App (2d) 190828-U. It also noted that the Executive Committee for the United States District Court, Northern District of Illinois (Executive Committee) had initially entered an order requiring all of plaintiff's filings to be screened, and later imposed a 12-month filing ban. The Seventh Circuit affirmed those orders. It also barred plaintiff from "proceeding in forma pauperis in any new or pending case, in the district court or court of appeals, until he has paid, in full, all outstanding fees and costs for all of his lawsuits." Thus, the district court observed, "all forums in Illinois are effectively closed to [plaintiff]." Plaintiff did not appeal the dismissal of *Mohammed IIIb*, and on October 26, 2021, the Seventh Circuit affirmed the dismissal of *Mohammed IIIa*.

¶ 18    That brings us to the complaint, and the subsequent dismissal, that forms the basis of the instant appeal. While his appeal of *Mohammed IIIa* was pending, on April 5, 2021, plaintiff, determined to experiment with new forums, filed a complaint in the Circuit Court of Cook County, Illinois. The instant complaint named the same defendants as those named in *Mohammed II*, and some of the same defendants from *Mohammed I* and *III*. Likewise, the allegations of this complaint are the same as those in *Mohammed II*, and they share some commonalities with *Mohammed I* and *III*. At the start of the instant complaint, under a heading titled, "Facts Common to All Counts of the Complaint," plaintiff alleged, "One or more allegations in this complaint has been litigated before the Federal Court." On August 20, 2021, defendants filed a motion to dismiss pursuant to Section 2-619(4) of the Code of Civil Procedure, alleging that the doctrine of *res judicata* barred plaintiff's complaint.

¶ 19    On December 14, 2021, the trial court found that plaintiff's complaint was barred by the doctrine of *res judicata* and dismissed plaintiff's complaint with prejudice. On January 4, 2022, plaintiff filed a motion to reconsider the trial court's judgment, which also asked the trial court to recuse itself. That motion included sections that claimed the trial court was engaged in treason and committing fraud upon the justice system. Attached to his motion was a complaint that plaintiff filed in the United States Court of Federal Claims on November 29, 2021. Among numerous other factual allegations, plaintiff claimed that members of the Executive Committee had harassed plaintiff, threatened him with criminal charges and arrest, and attempted to extort him for $1,000. He also claimed that members of the Executive Committee orchestrated a raid of his home by Naperville police officers and federal agents.

¶ 20    Before the trial court could rule on plaintiff's motion to reconsider, he filed a petition for a substitution of judge for cause on March 24, 2022. That petition incorporated his motion to reconsider and further alleged that the trial court must be biased because, "No impartial judge can enter an order to deprive an 8-year-old of his lunch as it happened in this case." On June 6, 2022, the trial court denied plaintiff's motion to reconsider and petition for substitution of judge for cause. Plaintiff filed a notice of appeal on June 21, 2022.

¶ 21                                    II. ANALYSIS

¶ 22    Plaintiff has raised a number of issues in his appellant's brief, but he has declined to label any of them with descriptive point headings, so we instead summarize, as well as we can, the issues contained in his brief. Plaintiff asserts that: (1) his email to the courtroom bailiff in *Mohammed II* was not misconduct; (2) the dismissals in *Mohammed I*, *II*, and *III* were not final judgments on their merits; (3) the district court judge responsible for dismissing *Mohammed I*, *II*, and *III* was

biased; and (4) applying the doctrine of *res judicata* to the instant complaint was unfair. These issues contain a number of sub-points that claim, for example, that plaintiff is being harassed by federal agents, and that the district court that dismissed his prior cases was similar to the secretive and abusive "Star Chamber" established by King Henry VII, and that the district court committed treason.

¶ 23　　We need not reach any of these issues because of plaintiff's substantial and pervasive failure to comply with Rules 341 and 342, and the frivolous nature of his appeal. Failure to comply with the rules governing appellate briefs is not an inconsequential matter, and a party's failure to comply with Rule 341 is grounds for disregarding its arguments on appeal. *Burmac Metal Finishing Co. v. West Bend Mut. Ins. Co.*, 356 Ill. App. 3d 471, 478 (2005). Rule 341's requirements are not mere suggestions, and this court has the inherent authority to strike briefs, or even dismiss appeals entirely, when an appellant's brief fails to conform to Rule 341. *People v. Williams*, 2020 IL App (3d) 180024, ¶ 25. Rule 375(b) also empowers us to impose sanctions when we determine that an appeal is frivolous, not taken in good faith, or brought for an improper purpose such as to harass or needlessly increase the cost of litigation. Ill. S. Ct. R. 375(b).

¶ 24　　Rule 341(h)(1) requires a brief to include a table of contents that "shall consist of the headings of the points and subpoints as in the Argument," Ill. S. Ct. R. 341(h)(1). Plaintiff's "Points and Authorities" section contains no headings or subheadings and is instead only a page and a half of case citations unattached to any point or argument.

¶ 25　　Rule 341(h)(2) requires an introductory paragraph explaining: (1) the nature of the action and of the judgment appealed from and whether the judgment is based upon the verdict of a jury, and (2) whether any question is raised on the pleadings and, if so, the nature of the question. Ill. S.

Ct. R. 341(h)(2). Plaintiff's "Nature of the Case" section contains six numbered paragraphs constituting a full page of text. Five of those paragraphs discuss details related to plaintiff's prior litigation in the district court. Only the sixth paragraph, which is one sentence that reads, "After the dismissal of *Mohammed III*, Plaintiff filed this instant case, and the instant case was dismissed under res judicata and this appeal follows," has anything to do with this case. And even still, it provides virtually no information about the nature of this case, which is the entire point of that section.

¶ 26    Rule 341(h)(3) requires appellants to include a section outlining the standard of review. Ill. S. Ct. R. 341(h)(3). This section is nowhere to be found in plaintiff's brief.

¶ 27    Rule 341(h)(6) requires appellants to include a statement of facts, "which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate references to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6). Plaintiff's brief contains a section titled, "Statement of Facts," but that is about all that can be said for its compliance with the rule. The section is approximately one page long. Its compliance with the need for citations to the record is tenuous, at best. And it contains virtually no information about the proceedings in the instant case. Instead, it is entirely devoted to the facts of plaintiff's previous litigation and fails to engage with the facts of that litigation fairly or objectively. For example, plaintiff refers to the overwhelming and egregious list of inappropriate behavior identified by the district court in *Mohammed I* as "so-called misconduct," and "so-called inappropriate email communications." Plaintiff's insufficient, argumentative, and misrepresentative statement of facts has hindered our review and understanding of this case. As a

result, we have had to rely on defendants' brief to direct us to relevant parts of the record to understand the facts of this case.

¶ 28    Furthermore, Rule 341(h)(7) instructs that the argument section must contain the appellant's contentions with citation to authorities *and* the record. Ill. S. Ct. R. 341(h)(7). The failure to cite authority or articulate an argument will result in forfeiture of that argument on appeal. *People v. Oglesby*, 2016 IL App (1st) 141477, ¶ 205. We are entitled to have the issues clearly defined with pertinent authority cited. *Id.* Plaintiff's brief ignores this requirement. His first claim, simply titled, "Argument #1," says, "The email to Judge Feinerman as described above in paragraph 4 was not misconduct and the court has not explained why sending an email to a Judge is misconduct." It contains no detail, argument, or citations.

¶ 29    In fact, in thirteen pages of argument, which contains a twelve-and-a-half-page wall of text, plaintiff has not cited to the record once. This is unsurprising, given that the majority of plaintiff's argument is devoted to such fanciful and entirely unsubstantiated claims as: the district court responsible for dismissing *Mohammed I, II, and III* was biased against plaintiff for a laundry list of reasons including race, religion, color, ancestry, national origin, and ethnicity; federal agents have threatened plaintiff; the district court responsible for dismissing plaintiff's prior federal litigation is part of a "coterie of thugs"; that unspecified judges have violated their oaths of office; that the district court's prior orders constituted fraud; that the district court's functioning is analogous to Henry VII's "Star Chamber"; and even that the district court's actions constituted treason. Much of plaintiff's brief is spent relitigating the orders entered by the district court, rather than addressing the relevant final judgment in this case. The scant paragraph which plaintiff devotes to the question of whether the instant complaint was barred by *res judicata* contains only

conclusory statements, relying on the above-summarized unsubstantiated arguments to claim that the district court's judgments are void. While plaintiff's arguments are frivolous, nonsensical, and unsubstantiated, we note that the writing itself is far from incoherent. Clearly plaintiff possesses the ability to research and write at a relatively high level; his refusal to comply with our rules can be seen as nothing else but willful.

¶ 30 Finally, we note that plaintiff has also failed to comply with the requirements of Rule 341(h)(9) and Rule 342. Ill. S. Ct. R. 341(h)(9); Ill. S. Ct. R. 342. The appendix attached to plaintiff's brief contains only one document, and it is not one of the documents required by Rule 342. Instead, it is a complaint filed by plaintiff in the Superior Court of the District of Columbia on February 15, 2023, which names, among others, United States Attorney General Merrick Garland, United States Senators Dick Durbin and Tammy Duckworth, and many of our esteemed colleagues on the federal bench. Predictably, this complaint alleges, among other things, that federal judges have been conspiring against plaintiff to deprive him of his constitutional rights. Defendants ask us to strike this complaint and any argument based upon that complaint, but given our ultimate decision here, that action would be moot.

¶ 31 However, before we may enter sanctions against a litigant for failing to comply with Supreme Court Rules or for filing a frivolous appeal, Supreme Court Rule 375 requires us to give the party in question notice and an opportunity to respond. Ill. S. Ct. R. 375. On June 14, 2023, we ordered plaintiff to explain why he should not be sanctioned for violating Rules 341 and 342 and for filing a frivolous appeal, and gave him 30 days in which to do so.

¶ 32 One month later, plaintiff sought a three-month extension of time, claiming it was a reasonable accommodation pursuant to the ADA. On July 18, 2023, we entered and continued

plaintiff's motion until August 1, 2023, and ordered that, if plaintiff has a disability as defined by the ADA and would like to request accommodations, he must submit a request for accommodations. Our order supplied plaintiff with the relevant email address and location of the requisite forms to do so.

¶ 33    Plaintiff neglected to request any accommodations as directed. Instead, on August 21, 2023, he sought another extension of time, this time for six months, and again claimed it was a reasonable accommodation pursuant to the ADA. The same motion claimed that our June 14, 2023, order was "nothing but another instrument to harass a legally disabled plaintiff in order to protect white defendants and to deprive plaintiff's 8-year-old son of his lunch." Plaintiff also threatened legal action against this Court and accused this Court of being prejudiced against plaintiff on the basis of his "race, religion, color, ethnicity, national origin, ancestry, etc."

¶ 34    Needless to say, plaintiff has not provided us with any compelling reason why he should not be sanctioned, nor has he availed himself of the established protocol for seeking disability accommodations we encouraged him to pursue. To the contrary, his decision to instead opt for dilatory tactics, threats of legal action, and baseless accusations only reinforces the need for sanctions here.

¶ 35    This is hardly the first time a reviewing court has admonished plaintiff about the inadequacies of his briefs and his conduct. *See e.g. Mohammed v. ICNA Relief USA*, 2020 IL App (2d) 190828-U (upholding order from circuit court enjoining plaintiff from filing any further duplicative actions against the parties in Illinois courts, while criticizing his failure to comply with Rule 341). There, plaintiff's brief was only criticized for the inadequacies of his statement of facts and lack of a standard of review section. *Id*. ¶¶ 26-29. Plaintiff's refusal to comply with our rules

seems to be escalating. The appellate court previously and graciously indulged plaintiff's arguments on the merits, despite his failure to comply with rules, and despite his history of using the court system as a means to harass others. *Id.* ¶ 30.

¶ 36 No more. Striking a brief and dismissing an appeal is undoubtedly a harsh sanction. However, lesser remedies have not tempered plaintiff's propensity to file frivolous nonsense that harasses defendants and vilifies any member of the judiciary that, in his mind, has the audacity to defy him.

¶ 37 We recognize that plaintiff is a *pro se* litigant without the skill or knowledge of a trained lawyer. But being a *pro se* litigant does not relieve him of the obligation to comply with Rule 341 and Rule 342. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. More importantly, it does not alleviate his obligation to exercise civility, respect, and common sense. Under ordinary circumstances we might nevertheless indulge plaintiff's arguments on their merits. But plaintiff is no ordinary litigant. The record before us demonstrates that he has harassed countless parties, not limited to those named as defendants here, with frivolous litigation in venues throughout the state for the better part of a decade. There is no telling how much time, energy, and money has been wasted dealing with his farcical legal escapades. Even as this appeal has been pending, plaintiff has not ceased his onslaught of frivolous litigation and baseless accusations.

¶ 38 The doors of the courthouse are meant to be open to all, giving every person a forum to seek redress for their injuries. Plaintiff has shown time and time again that he is incapable of availing himself of our justice system in a civil and professional manner. Not only that, but the mountain of frivolous litigation with which he assails courts and other litigants makes it that much harder for everyone else to obtain the access to justice they so rightly deserve.

¶ 39    To consider plaintiff's arguments on their merits would be to reward his continued abuse of our court system and the parties he drags into court. Because plaintiff has failed to comply with Rule 341 in numerous ways, and because his appeal is frivolous, meant only to harass or needlessly increase the cost of litigation, striking his brief and ordering dismissal pursuant to Rules 375(a) and (b) is an appropriate and necessary sanction.

¶ 40                                    III. CONCLUSION

¶ 41    For the foregoing reasons, we strike the appellant's brief and dismiss the appeal.

¶ 42    Appeal dismissed.