2024 IL App (1st) 230458-U

No. 1-23-0458

Order filed June 7, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| DIANNE MEYER-FIEDLER, | ) | Cook County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | No. 19 D 530685 |
| and | ) | |
| | ) | |
| ROBERT FIEDLER, | ) | Honorable |
| | ) | D. Renee Jackson, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's judgment for dissolution of marriage affirmed where petitioner failed to provide a sufficient record to show that the court's distribution of property and assets was erroneous or that any misconduct or fraud occurred.

¶ 2    Following a trial, the circuit court of Cook County entered a judgment for dissolution of marriage for petitioner, Dianne Meyer-Fiedler, and respondent, Robert Fiedler. Dianne timely filed a motion to reconsider judgment pursuant to section 2-1203 of the Illinois Code of Civil Procedure

(Code) (735 ILCS 5/2-1203 (West 2022)) and a separate motion to vacate the judgment pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301 (West 2022)). Robert filed separate motions to strike and dismiss each of Dianne's motions. In his motions, Robert moved for sanctions against Dianne pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Following a hearing on January 17, 2023, the circuit court denied Dianne's motions and granted Robert's motions, including his requests for Rule 137 sanctions against Dianne.

¶ 3     This court granted Dianne's motion for leave to file a late notice of appeal. On appeal, Dianne, appearing *pro se*, challenges the judgment for dissolution of marriage arguing that the circuit court's division of the marital property and assets was inequitable and should be evenly divided. Dianne also requests "full abatement" of all fines and fees assessed against her and asks that any monetary judgments and liens placed on her property be "removed." Dianne further asks that this court reverse the circuit court's order finding her in indirect contempt of court. In addition, Dianne claims that multiple incidents of fraud occurred during the proceedings and that Robert and his counsel engaged in wrongful acts, including *ex parte* meetings with the court, which resulted in void orders. For the following reasons, we affirm.

¶ 4     The record shows that Dianne and Robert were married on May 15, 1994. On September 6, 2019, Dianne, through counsel, filed a petition for dissolution of marriage alleging that irreconcilable differences had caused the irretrievable breakdown of the marriage.

¶ 5     On January 13, 2020, Robert filed an emergency verified petition for exclusive possession of the marital residence alleging that, although Dianne had moved out of the home, she regularly, and without notice, entered the marital residence to "harass and intimidate" him. On January 15, 2020, after hearing testimony from Robert, the circuit court entered an order finding that the matter

was an emergency and granting Robert exclusive possession of the martial residence on a temporary basis. Dianne was barred from entering the residence or garage until further order of the court. The court set the petition for a hearing on January 24, 2020.

¶ 6     On January 24, 2020, the circuit court entered an order granting Robert exclusive possession of the marital residence and prohibiting Dianne from entering the residence without a court order. The court also ordered the parties to exchange financial affidavits within 30 days.

¶ 7     On September 15, 2020, Robert filed a verified counter-petition for dissolution of marriage.

¶ 8     On September 25, 2020, Robert filed a verified petition for rule to show cause requesting that Dianne be held in indirect civil contempt of court for failing to obey the court's multiple orders to submit a financial affidavit. Robert asked the court to impose sanctions against Dianne including fines, costs, and payment of the attorney fees Robert incurred due to Dianne's failure to comply with the court's orders.

¶ 9     On November 10, 2021, Robert filed a second verified petition for rule to show cause requesting that the court find Dianne in indirect civil contempt of court, enter a default judgment against her, and enter sanctions against her pursuant to Illinois Supreme Court Rule 219 (eff. July 1, 2002) for failing to comply with court orders to provide financial documents.

¶ 10     On April 18, 2022, the circuit court entered an order finding Dianne in indirect civil contempt for her failure to comply with several of the court's orders.

¶ 11     On May 25, 2022, the circuit court held a trial on Dianne's petition for dissolution of marriage. The court entered an order that day setting the amount of the purge for the contempt finding against Dianne at $15,318.75.

¶ 12     On July 15, 2022, the circuit court entered its judgment for dissolution of marriage. The judgment order indicates that at trial, the court heard "the sworn testimony of the parties" and "reviewed exhibits which were admitted into evidence during the trial." The court noted that Dianne did not introduce any exhibits at trial. In its findings, the court stated that both parties had contributed to the acquisition, preservation, and increase in value of the marital estate. The court found, however, that Dianne caused the value of the marital estate to decrease due, in part, to (1) spending marital funds to purchase property which she did not disclose during the proceedings; (2) prolonging the proceedings; and (3) hiding assets.

¶ 13     The court found Robert's financial affidavit credible while Dianne's affidavits were not credible.  Dianne neglected to include assets, listed values for certain assets that were not supported by documentary evidence, intentionally included inaccurate or misleading information, and made false statements, including those by omission. Nonetheless, the court found that Dianne's economic circumstances were better than Robert's.

¶ 14     The court further found that Robert provided credible evidence regarding his non-marital property, which was awarded to him. The court expressly noted that it was required to divide the marital estate in just proportions without regard to marital misconduct and in consideration of statutory factors.

¶ 15      The judgment awarded the marital residence to Robert and ordered Dianne to sign a quit claim deed to transfer her interest in the home to Robert within 30 days. The order indicated that if Dianne failed to do so, she would be assessed a fine of $75 per day until she complied or, alternatively, the court would sign a judge's deed to transfer the title to Robert. Dianne was awarded the couple's vacation residence in Shipshewana, Indiana, and the Illinois residence where

she had been living during the proceedings. Robert was ordered to sign a deed transferring his interest in the Shipshewana home to Dianne within 30 days or be fined $75 per day until he complied.

¶ 16    The judgment further awarded each party 50% of Dianne's two pensions. The order directed Dianne to sign the consent form for each pension within 14 days or she would be fined $75 per day until she complied.

¶ 17    In addition to dividing the remainder of the parties' property and assets, the court ordered Dianne to pay the civil contempt purge amount of $15,318.75 within 30 days.

¶ 18    The judgment order expressly stated, "[t]his is a final Judgment and there is no just reason to delay enforcement or appeal."

¶ 19    On August 15, 2022, Dianne filed a motion to vacate the judgment for dissolution of marriage under section 2-1301 of the Code. Dianne asserted that the parties' personal property had not been divided and remained in the marital home where Robert resided. Dianne stated that she was supposed to have 90 minutes to go through the residence to collect her property but was given only 30 minutes by the police officer who was present at the home. Dianne asked that the parties divide the personal property equally or that she be allowed "to resume her inspection" of the personal property.

¶ 20    On the same day, Dianne also filed a motion to reconsider judgment under section 2-1203 of the Code alleging that the circuit court erred when it divided the parties' property and assets. Dianne asserted that she did not use marital property when she purchased her current residence and, therefore, the home should have been considered non-marital property rather than being included in the division of the marital property. Dianne also argued that the court erred when it

concluded that Robert's collection of antique trains and related memorabilia, which she claimed was worth more than $500,000, was a non-marital asset that was not subject to equitable division.

¶ 21 On August 22, 2022, Robert moved for the circuit court to execute a judge's deed for the marital residence asserting that Dianne had repeatedly refused to sign the quit claim deed.

¶ 22 On August 24, 2022, Robert filed another verified petition for rule to show cause asking the circuit court to find Dianne in indirect civil contempt because she failed to comply with the judgment for dissolution of marriage. Robert stated that, in addition to refusing to sign a quit claim deed for the marital residence, Dianne had refused to sign the consent forms to divide her pensions. She also refused to tender the title for the vehicle awarded to Robert and refused to pay Robert the purge amount.

¶ 23 On October 28, 2022, the circuit court ordered Dianne to serve Robert with her motion to reconsider judgment no later than October 31, 2022, as she had failed to do so. The court noted that Dianne did not serve Robert with her motion to vacate the judgment, filed on August 15, until October 23, 2022.

¶ 24 On November 18, 2022, Robert filed separate motions to strike and dismiss each of Dianne's motions. Robert argued that Dianne's motions were insufficient as a matter of law. He further argued that her motion to vacate misrepresented the terms of the judgment while her motion for reconsideration offered no new evidence for the court to consider. In each motion, Robert moved for sanctions against Dianne pursuant to Rule 137 and asked that she be ordered to pay his costs and attorney fees.

¶ 25 Following a hearing on January 17, 2023, the circuit court denied both of Dianne's motions and granted Robert's motions. The court also granted Robert's request for Rule 137 sanctions.

¶ 26 On March 10, 2023, Dianne, through her retained counsel, filed a motion to file a late notice of appeal with this court pursuant to Illinois Supreme Court Rule 303(d) (eff. July 1, 2017). On March 21, 2023, this court granted Dianne's motion and allowed her to file a late notice of appeal.

¶ 27 Dianne did not submit a report of proceedings for the trial or any of the hearings, in any format, to this court as part of the record on appeal.

¶ 28 On appeal, Dianne challenges the judgment for dissolution of marriage arguing that the circuit court's division of the marital property and assets was inequitable and should be evenly divided. Dianne also requests "full abatement" of all fines and fees assessed against her and asks that any monetary judgments and liens placed on her property be "removed." Dianne further asks that this court reverse the circuit court's order finding her in indirect contempt of court. In addition, Dianne claims that multiple incidents of fraud occurred during the proceedings and that Robert and his counsel engaged in wrongful acts, including *ex parte* meetings with the court, which resulted in void orders.

¶ 29 In response, Robert asserts that this court should dismiss Dianne's appeal due to her "widespread violation" of Illinois Supreme Court Rules 341 (eff. Oct. 1, 2020) and 342 (eff. Oct. 1, 2019) regarding appellate briefs. Robert points out that Dianne's 73-page brief exceeds the 50-page limit under Rule 341(b)(1) and that she failed to include a certificate of compliance as required by Rule 341(c). Robert also notes numerous violations of Rule 341(h) and Dianne's failure to include items in her appendix as required by Rule 342.

¶ 30 Robert also argues that Dianne failed to provide this court with an adequate record to consider her claims and, therefore, this court should presume the circuit court's orders were in conformity with the law. Alternatively, Robert argues that this court should affirm the circuit

court's orders because the court properly acted within its discretion. In addition, Robert asserts that Dianne's "wild claims of misconduct" are baseless and impugn the integrity of his counsel and the circuit court without justification.

¶ 31    Initially, we observe that Dianne's opening brief fails to comply with many of the requirements of Rules 341 and 342. Most significantly, Dianne failed to include a statement of the issues presented, a statement of jurisdiction, and a statement of facts in violation of Rule 341(h)(3), (4) and (6). Her argument is unorganized, conclusory, difficult to follow, and lacks the necessary legal analysis with citation to sufficient legal authority and the record in violation of Rule 341(h)(7). Dianne also failed to include several documents in her appendix as required by Rule 342. Dianne's *pro se* status does not relieve her of her duty to comply with our supreme court's rules regarding the contents of her brief. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. Based on Dianne's noncompliance with the rules, we could grant Robert's request to dismiss the appeal. *Id.*

¶ 32    We find that our review of this appeal is further hampered by an incomplete record. An appellant, here Dianne, has the burden of presenting a sufficiently complete record of the circuit court proceedings to support any claims of error, and, in the absence of such a record, this court will presume that the circuit court's orders conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 33    Pursuant to Supreme Court Rule 321 (eff. Oct. 1, 2021), the record on appeal shall include the common law record, including every document filed in the case, and any report of proceedings prepared in accordance with Supreme Court Rule 323 (eff. July 1, 2017). Pursuant to Rule 323,

the report of proceedings may be a transcript prepared by court reporting personnel, or in lieu of a transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)).

¶ 34 Here, the record does not contain a report of the circuit court proceedings in any format for the May 25, 2022, trial at which the court heard "the sworn testimony of the parties" and "reviewed exhibits which were admitted into evidence during the trial" that formed the basis for the judgment for dissolution of marriage entered by the court on July 15, 2022. Nor does the record contain a report of proceedings for any of the numerous hearings held by the circuit court prior to entering its orders, including the order entered January 25, 2020, granting Robert emergency exclusive possession of the marital residence, the order entered April 18, 2022, finding Dianne in indirect civil contempt for failure to comply with several court orders, and the order entered May 25, 2022, setting the amount of the purge for the contempt finding against Dianne at $15,318.75.

¶ 35 The record before this court consists of one volume of common law documents, which alone are insufficient to allow this court to find an error by the circuit court. Without a report of proceedings, this court has no knowledge of what testimony, evidence, and arguments the parties presented to the court at trial or any of the hearings. We do not know the reasoning or rationale that provided the basis for the court's distribution of the parties' property and assets or any of its other rulings. Nor do we find any indication of wrongdoing or improper communication between the court and either party.

¶ 36 The judgment order indicates that the circuit court found various evidence presented by Robert credible and found Dianne's financial affidavits not credible and "untrustworthy." The court expressly noted in the judgment order that it was required to divide the marital estate in just

proportions without regard to marital misconduct and in consideration of statutory factors. Under these circumstances, this court must presume that the circuit court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 37    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 38    Affirmed.